

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 7, 2007

**BY HAND**

Honorable Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:   <u>**United States v. Elia and Elyaho,**</u>
            07 Cr. 543 (CLB)

Dear Judge Brieant:

      This is in response to Mr. Sharf's lengthy letter dated November 6, 2007 in which he tries to blame the government for his failure to analyze documents that were made available to him months ago. The reason that the defendant has not finished analyzing the financial records is because his client apparently does not want to pay for them. We have been advised by the copy center that the defendant delivered an initial partial payment for records in September, at which time they took possession of a portion of the documents. The copier still is awaiting delivery of a check for the balance of the documents, which have been ready for over one month. It bears note that initially the copy job was delayed while counsel negotiated with the copy center about the cost.[1]

      In order to assist the defense, we are enclosing for counsel United States Postal Service data records detailing the purchases of postal money orders by the defendant and his companies, to the extent that such information was given at the time of purchase. Those documents are bates stamped 63938 through 64157. Most if not all of these money orders were produced in discovery,

---

[1] We do not agree with Mr. Scharf's representations about the pre-Indictment discussions however, we will not burden the Court with a point by point response, since that issue is not relevant to our Rule 16 discovery obligations.

although the postal database may contain some additional information that was not found on the face of the money order produced in discovery.

    Mr. Scharf and his representatives have reviewed the discovery materials. If they want to issue subpoenas for records that they cannot get without subpoena and which will assist in their defense then they should do so forthwith.

                          Respectfully,

                          MICHAEL J. GARCIA
                          United States Attorney

by: *[signature]*
      Cynthia K. Dunne
      Assistant United States Attorney
      (914) 993-1913

cc: Jared Scharf, Esq. (By Fax)(w/enclosure by fed ex)
     Joseph C. Vita, Esq. (By Fax)(w/enclosure by fed ex)