UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,

    -against-                                       MEMORANDUM OF LAW

YEHEZKEL ELIA AND <u>DAVID ELYAHO</u>,      07 Cr. 543 (CLB)

                Defendants.

----------------------------------x

    Defendant David Elyaho respectfully submits this memorandum of law in support of his pretrial motions to (1) dismiss count 1 of the indictment upon the grounds of improper duplicity in accordance with Fed. R. Crim. P. 12(b)(3)(B); (2) sever the counts in which he is named alone from the rest of the indictment due to misjoinder, Fed. R. Crim. P.8(b); (3) sever his case from that of co-defendant Yehezkel Elia due to prejudicial joinder, Fed. R. Crim. P. 14; and (4) direct the government to make early discovery of a witness list, it's case-in-chief exhibits, witness statements and impeachment material, and Rule 404(b) evidence, if any.

    Defendant, David Elyaho, also joins in the pretrial motions made by the co-defendant to the extent such motions are applicable to him.

FACTUAL BACKGROUND

    The twenty eight count indictment contains a single

1

conspiracy count and 27 substantive counts of tax evasion. Defendant, David Elyaho, is named in 5 out of the 28 counts. Specifically, he is charged with tax evasion as to individual tax returns (counts 14-17). He together with Yehezkel Elia are only charged together in a single conspiracy count (count 1) which relates to the business entity, Final Touch.

Most notably, David Elyaho is not mentioned at all in the bulk of the indictment counts which include tax evasion and false returns as to the individual tax returns of Yehezkel Elia (counts 2-5, 25-28); and corporate tax returns for three separate business entities; SneakerMania (counts 6-8, 18-20); Final Touch (counts 9-11, 21-22) and PizzaMania (counts 12-13, 23-24).

<u>ARGUMENT</u>

<u>POINT ONE</u>

BECAUSE COUNT 1 ALLEGES MORE THAN ONE CONSPIRACY IT IS IMPROPERLY DUPLICITOUS AND SHOULD BE DISMISSED

An indictment is duplicitous if it joins two or more distinct crimes in a single count. <u>United States v. Murray</u>, 618 F.2d 892, 896 (2d Cir. 1980). An indictment which alleges more than one conspiracy in a single count is duplicitous and should be dismissed as defective under Fed. R. Crim. P. 12(b)(3)(B).

Count one of the subject indictment, while purporting to

charge a single conspiracy to defraud the United States and the Internal Revenue Service in the ascertainment, evaluation, assessment, computation and collection of income taxes, in fact improperly alleges multiple and separate conspiracies involving individual and corporate tax returns.  This count improperly lumps together separate allegations of fraudulent conduct as to the individual tax returns of Yehezkel Elia, the individual tax returns of David Elyaho and the corporate tax returns for Final Touch over an extended 6 year time period into a single count.  These allegations go far beyond " ... a single continuing scheme" sanctioned as proper in United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989).  Moreover, the indictment count one, paragraph 2 also references other business entities controlled by Yehezkel Elia under the broad umbrella of "Elia Corporations" including SneakerMania and PizzaMania.  There are no allegations in the indictment that David Elyaho has any association with these business entities.

   The policy considerations underlying the prohibition against a duplicitous count in an indictment include "...avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilt as to one crime and a finding of not guilty as to another, avoiding the risk that

the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution." (Murray, 618 F.2d at 896). The main problem with duplicitous counts is that the jury may convict without reaching a unanimous verdict on the commission of a particular offense. <u>United States v. Klinger</u>, 128 F.3d 705 (9th Cir. 1997); <u>United States v. Karam</u>, 37 F.3d 1280, 1286 (8th Cir. 1994). Duplicitous indictments may prevent jurors from acquitting on a particular charge by allowing them to convict on another charge that is improperly lumped together with another offense in a single count. All of these policy considerations support a finding that the indictment count one should be dismissed as defective.

<u>POINT TWO</u>

THE COURT SHOULD SEVER THE COUNTS RELATING TO TAX EVASION SCHEMES IN WHICH DAVID ELYAHO IS NOT ALLEGED TO HAVE PARTICIPATED FROM THE REMAINING COUNTS OF THE INDICTMENT

As noted above, David Elyaho, is not charged with participating in most of the tax evasion schemes alleged in the indictment, i.e.; those counts containing allegations of individual tax fraud of Yehezkel Elia and tax evasion relating to the business entities owned by Yehezkel Elia; specifically, Sneaker Mania and PizzaMania.

Rule 8(b) permits, but does not require, joinder of defendants and offenses where the defendants "are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses."  Here, David Elyaho, on the one hand, and Yehezkel Elia, on the other hand, are not alleged to have participated in the same act or transaction or in the same series of acts or transactions as to counts 2-13 and 18-28.  The unrelated schemes which principally involve the individual tax returns of Yehezkel Elia or the corporate tax returns of Sneaker Mania and PizzaMania, have nothing to do with David Elyaho.  The non-related schemes require proof separate and distinct from the charges in which David Elyaho is named.

Accordingly, while the unrelated schemes may be "similar" to the schemes in which David Elyaho is charged, they are certainly not the "same," nor are they part of a unified series of acts or transactions constituting an offense or offenses. Mere similarity of offenses is not sufficient for joinder of defendants under Rule 8(b). United States v. Turoff, 853 F.2d 1037 (2d Cir. 1988); United States v. Velasquez, 772 F.2d 1348, 1352 (7th Cir. 1985), cert denied, 475 U.S. 1021 (1986); United States v. Jackson, 562 F.2d 789, 796 (D.C. Cir. 1977); United States v. Satterfield, 548 F.2d

1341, 1344 (9th Cir. 1977), cert denied, 439 U.S. 840 (1978). What is required for joinder in multi-defendant cases, and what is absent here as far as David Elyaho is concerned, is that "proof of one scheme is indispensable for a full understanding of the other." United States v. Turoff, 853 F. 2d at 1044. Plainly, David Elyaho could be tried on the counts in which he is named without evidence as to Yehezkel Elia counts since proof of these counts is not indispensable to understand the others.

In short, the counts relating to tax evasions schemes in which David Elyaho is not alleged to have participated (counts 2-13 and 18-28) should be severed from the remaining counts of the indictment.

### POINT THREE

#### THE COURT SHOULD SEVER DAVID ELYAHO'S CASE FROM THAT OF THE CO-DEFENDANT YEHEZKEL ELIA

Regardless of how the Court rules on the motion to sever the non-related schemes pursuant to Rule 8(b), the Court should exercise its discretion to sever David Elyaho's case from that of co-defendant, Yehezkel Elia under Rule 14.  The latter rule allows the Court to order separate trial of counts or defendants where it appears a defendant would be prejudiced by a joinder of those counts or defendants.

Based upon the current information available to the

defendant there are several factors which will cause substantial prejudice to David Elyaho if he was tried with Yehezkel Elia:

    a)   disparity of evidence - This is a classic case of prejudice as far as David Elyaho is concerned.  The charges are far more serious as to Yehezkel Elia because they involve allegedly fraudulent tax evasion schemes for multiple business entities and significantly higher tax liabilities having nothing to do with David Elyaho. In the indictment David Elyaho is accused of evading only individual income taxes totaling approximately $27,294.00. In contrast, Yehezkel Elia, is accused of evading individual income taxes totaling approximately $823,806.00 and corporate income taxes totaling approximately $846,062.00 involving multiple corporate entities.  Based upon a review of the discovery it appears that the vast bulk of the thousands of documents which the Government may seek to offer in evidence at trial apply only to the co-defendant. Plainly the Government believes, and will seek to prove, that Yehezkel Elia is the more culpable defendant and that his brother's role is minor and peripheral. The evidence, if any, of David Elyaho's involvement in the unrelated schemes would not be admissible against Mr. Elyaho, and the Court would have to instruct the jury accordingly.

However, no matter what the Court does to minimize the taint, Mr. Elyaho faces the very real risk that the jury will not be able to keep separate its consideration of the evidence as to Yehezkel Elia from its consideration of the evidence as to David Elyaho.

    b)   deprivation of exculpatory evidence - In count one of the indictment (conspiracy count) Yehezkel Elia is described as the owner and operator of multiple retail stores which are identified as the "ELIA CORPORATIONS."  David Elyaho is identified as being a manager and worker in only one of the stores, Final Touch.  It would be the desire and intention of David Elyaho to call his brother and boss, Yehezkel Elia, as a witness with respect to the allegations in count one of the indictment. His brother's testimony would strongly tend to exculpate Elyaho with respect to the conspiracy count. David Elyaho believes that Yehezkel Elia would testify in substance that Yehezkel Elia was the sole officer, director and shareholders of the Elias Corporations, including Final Touch. David Elyaho is not an officer, director or shareholder with respect to any of the business entities identified in the indictment as the ELIAS CORPORATIONS; i.e. Sneaker Mania, Inc. (SneakerMania), Final Touch Jewelry, Inc. (Final Touch), and Pizza Mania, Inc.

(PizzaMania). His only connection is with Final Touch where he has been employed as a manager.

Yehezkel Elia will be able to corroborate Mr. Elyaho's contention of his lack of involvement, intent and/or knowledge as to the Final Touch corporate filings and tax obligations. Any work he was doing in terms of record keeping was at the express direction of Yehezkel Elia, who is a shareholder, officer and director of this entity. He could establish through Elia's testimony that he had no involvement in the preparation or signing of any corporate tax returns and no knowledge of any corporate tax liabilities. Final Touch is the smallest of the business establishments both in terms of the store size, the volume of sales, and the alleged corporate tax liability.

However, based upon my discussions with Jared J. Scharf, Esq., attorney for Yehezkel Elia, it appears that no determination has been made at this point as to whether or not Mr. Elia will be testifying at a joint trial. As set forth above, it is believed that were he to testify, he would provide critical exculpatory evidence as to the conspiracy count. However, if he elected not to testify and exercised his fifth amendment privilege not to testify if called as a defense witness by David Elyaho at a joint trial, Elyaho

would be unfairly deprived of this exculpatory evidence. This problem could be avoided if a severance were granted, and the co-defendant, Yehezkel Elia, was called to testify at a subsequent separate trial.

In <u>United States v. Echeles</u>, 352 F.2d 892 the court held that a single joint trial of several defendants may not be had at the expense of one defendant's right to a fundamentally fair trial. In a case in which a joint trial prevents a defendant from calling to the witness stand a co-defendant who would otherwise provide testimony exculpatory as to the first defendant because the co-defendant will seek to exercise the privilege against self-incrimination, the court should grant a severance to allow the co-defendant's exculpatory testimony to be adduced at a severed trial. (Id. at 897; see also <u>U.S. v. Gay</u>, 567 F.2d 916 (9th Cir. 1978); <u>U.S. v. Hernandez-Berceda</u>, 572 F.2d 680 (9th Cir. 1978).

c)   Deprivation of cross-examination - It is believed that the Government will seek to offer in evidence at a joint trial pre-indictment testimonial statements made by co-defendant that would be inadmissible against Elyaho at a joint trial. See, <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  The introduction of such statements at a joint trial would violate the Sixth amendment protections under the United States

Constitution, See Bruton v. United States, 391 U.S. 123 (1968), and do not fall within any recognized exception to the hearsay exclusion rule. See also Lilly v. Virginia, 527 U.S. 116 (1999).

These statements are inadmissible and must be excluded from a joint trial. The only exception would be if the statements could somehow be "redacted to eliminate not only the defendant's name, but any reference to [his] existence." Richardson v. Marsh, 481 U.S. 200 (1987). See also Gray v. Maryland, 523 U.S. 185 (1998). It does not appear that the statement of the co-defendant can be effectively redacted to eliminate reference to defendant in such a way as to be non-prejudicial if admitted at a joint trial. Thus the only viable remedies consistent with the principles of Bruton and the Confrontation Clause of the United States Constitution, are either (1) the severance of defendant from a joint trial with co-defendant, or (2) exclusion of the subject statements and any reference to them, at a joint trial. Crawford v. Washington, supra; Zafiro v. United States, 506 U.S. 534 (1993).

Your declarant is aware that the factor of judicial economy weighs against severance in almost every case, since making two trials out of one is always inefficient. However,

in the instant case, the resulting subsequent separate trial of David Elyaho will be relatively brief since the evidence relevant to his case is much less extensive than what would be involved in the co-defendant's prosecution. The Court must balance the promotion of economical and efficient administration against the protection of the criminal defendant from unfair prejudice that may result from a joinder. As the Second Circuit stated in <u>United States v. Figueroa</u>, 618 F.2d 934, 944 (2d Cir. 1980), "... there are limits to the risks a co-defendant must endure." See also, <u>United States v. Serpoosh</u>, 919 F.2d 835, 838 (2d Cir. 1990).

Accordingly, defendant David Elyaho submits that there are good and sufficient grounds for the Court to grant his motion to sever his trial from that of his co-defendant Yehezkel Elia.

<u>POINT FOUR</u>

THE COURT SHOULD DIRECT THE GOVERNMENT TO MAKE EARLY DISCOVERY OF A WITNESS LIST, ITS CASE-IN-CHIEF EXHIBITS, WITNESS STATEMENTS AND IMPEACHMENT MATERIAL, AND RULE 404(b) EVIDENCE

The government has provided massive amounts of discovery in this case accumulated over a period of years, consisting of thousands of un-indexed miscellaneous business records in many boxes.

Given the scope of discovery, the Government should be

directed to provide the defense well before trial a witness list, an identification of which documents the government will offer in its case-in-chief, witness statements and impeachment material, and a detailed description of any Rule 404(b) evidence it intends to offer. These items are 'material to the preparation of the defendant's defense." Fed. R. Crim. P. 16(a)(1)(C).

Moreover, all of these requests are calculated to facilitate the orderly presentation of evidence and avoid unnecessary delays at trial.

As to a witness list, the Court has the discretion to order its production if (i) the indictment charges only non-violent offenses and the defendant does not have a criminal record involving crimes of violence, (ii) the trial will largely involve testimony relating to documents, (iii) production of the witnesses' names will not likely lead to the witnesses failure to appear at trial, and (iv) the indictment alleges offenses occurring over an extended period of time. United States v. Turkish, 458 F. Supp. 874, 881 (S.D.N.Y. 1978), affd. 623 F.2d 769 (2d Cir. 1980, cert. denied, 449 U.S. 1077 (1981); accord, United States v. Cannone, 528 F.2d 296, 300 (2d Cir. 1975); United States v. Upton, 856 F. Supp. 727, 750-51 (E.D.N.Y. 1994). As all of these requirements are

plainly met here, the Court should direct the government to provide a witness list 60 days before trial.

Moreover, the Court can and should order the government to identify its trial exhibits well in advance of trial. <u>United States v. Upton</u>, 856 F. Supp. 727, 746-48 (E.D.N.Y. 1994); <u>United States v. Turkish</u>, 458 F. Supp. at 881. Tens of thousands of pages of discovery have been produced or been made available for inspection. Surely, the government does not intend to offer into evidence all of these documents. To adequately prepare his defense, the defendant needs to know which of these thousands of documents the government actually intends to use. The Court should direct the government to provide marked exhibits 60
days before trial.

As to witness statements and impeachment materials, we recognize that the Court cannot compel the government to make such production prior to trial. For the reasons set forth above, however, fairness and due process dictate that the defendant have access to such material at lease thirty  days in advance of trial. There is no possible threat to the government witnesses. The events at issue occurred over a period of many years. the defendant is merely seeking to level the playing field so that he can defend himself against these

14

serious charges.

Moreover, under Rule 611(a) of the Federal Rules of Evidence, the Court has wide discretion over the mode and order of proof at trial. This is relevant here because in the event the defendant has insufficient time to read, digest and follow-up on th 3500 material for particular witnesses prior to their testimony at trial, the Court would have the authority to delay cross-examination of these witnesses, or direct that they be recalled at a later date.

As to Rule 404(b) (similar act) evidence, the government is required to "provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." That notice period should be at least thirty days.

## CONCLUSION

For all of the foregoing reasons, the Court should grant defendant Davis Elyaho's pretrial motions.

To the extent any of the pretrial motions made by the co-defendant are applicable to him, David Elyaho joins in these motions and asks for the relief requested.

Dated:    Port Chester, NY
          January 9, 2008

                                                  Respectfully submitted,

```
                              _____
                              Joseph A. Vita, Esq.
                              Attorney for David Elyaho
                              327 Irving Ave.
                              Port Chester, NY 10573
                              914-939-5401
```