UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA

        v.                                07 Cr. 543 (CLB)

YEHEZKEL ELIA and
DAVID ELYAHO,

                Defendants.         **NOTICE OF MOTION**

------------------------------------------------------x

      PLEASE TAKE NOTICE that, upon the attached Declarations of Jay Genuth and defendant Yehezkel Elia, and the Search Warrants and Search Warrant Affidavit in this matter, which is annexed thereto, and the accompanying memorandum of law, the undersigned will move this Court, before the Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, on the 5th day of February, 2008, at 9:00 a.m., or as soon thereafter as this case can be heard, for an order suppressing the items seized from Sneaker Mania, Inc., Suite 802, 6 Xavier Drive, Cross County Shopping Center, Yonkers, New York; from Sneaker Mania Store, Including Basement Storage Area, 1F Xavier Drive, Cross County Shopping Center, Yonkers, New York; and from Sports Stop Store, Including Basement Storage Area, 17 Xavier Drive, Cross County Shopping Center, Yonkers, New York, on February 20, 2004, on grounds that the search warrants authorizing said searches were obtained in violation of the Fourth Amendment of the United States Constitution

      This motion is made pursuant to the Fourth Amendment to the Constitution and Rules 12(b)(3)(C) and 41(h) of the Federal Rules of Criminal Procedure.

Dated: White Plains, New York
       January 10, 2008

                                                   Jared J. Scharf
                                                   1025 Westchester Avenue
                                                   White Plains, New York 10604
                                                   (914) 682-9777

                                                   Attorney for Defendant
                                                          Yehezkel Elia

TO:  Cynthia K. Dunne
       Assistant United States Attorney
       Southern District of New York
       300 Quarropas Street
       White Plains, New York 10601

       Joseph A. Vita, Esq.
       327 Irving Avenue
       Port Chester, New York 10573

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA

v.                                                          07 Cr. 543(CLB)

YEHEZKEL ELIA and
DAVID ELYAHO

                Defendants.                          **AFFIDAVIT OF**
                                                                                    **JAY GENUTH**
------------------------------------------------------------x

STATE OF NEW YORK         )
COUNTY OF WESTCHESTER     )
SOUTHERN DISTRICT OF NEW YORK  ) ss:

Jay Genuth, under penalties of perjury, deposes and states as follows:

1. I am a certified public accountant and am a principal in Bernard Katz & Co., CPA, P.C., Eastchester, New York. I make this affidavit in support of defendant Elia's motion to suppress evidence.

2. We were retained in February 2004 to examine the books and records of Yehezkel Elia's companies shortly after the government executed a search warrant at Mr. Elia's stores and office.

3. I have examined the discovery items Special Agent Eis references in his affidavit in support of the application for search warrants. It is apparent that Mr. Eis made some major misstatements of fact therein.

4. The two alleged examples of diversion of corporate funds, cited by Mr. Eis in his affidavit, in paragraphs 13, 14 and 15, are erroneous.

5. Mr. Eis implies in paragraphs 14 and 15 of his affidavit that the account at Charles Schwab was funded with corporate cash receipts not deposited in corporate accounts. I have ascertained from my analysis of the discovery, through an analysis of the Charles Schwab brokerage statements and from copies of deposited items received by Mr. Eis from Charles Schwab prior to his affidavit, that no cash was deposited into the Schwab

account (other than five $100 travelers checks). None of the allegedly missing corporate cash made its way into the Schwab account. Mr. Eis had all the records to substantiate my statement. Furthermore, his statement that in June 2002, Elia instructed Charles Schwab to wire in excess of $100,000 to bank accounts in Israel, one of which was an account on which Yehezkel Elia was the named beneficiary, has no significance since the Schwab account was not funded with diverted corporate funds, as stated above. In discovery, we were not furnished with the specifics of these wire transfers.

6. The next instance of error in Mr. Eis' example of diversion of corporate funds is his description of $43,992 seized by US Customs in or about July 2001, when Mr. Elia was going to Israel. The US Customs allowed Mr. Elia to take $1,992 with him to Israel. Mr. Eis, through his contacts with US Customs, knew or should have known, that all of the remaining $42,000, less a $5,000 non-reporting penalty assessed by US Customs, was returned to Mr. Elia after the US Customs investigation indicated that the source of the funds was legitimate. The $37,000 appears as a government check deposited in the Schwab account on January 18, 2002. Mr. Eis neglected to make this material fact known to the Court.

7. Mr. Eis acknowledges in paragraphs 13 and 19 of his affidavit that the use of money orders to pay for purchases listed in the Confidential Informant's (CI) records, accounted for a significant part of the undeposited cash, and states that the remainder was used for personal purposes by Mr. Elia. Mr. Eis accepted the CI's listing of purchases as accurate and final, and failed to make a simple verification of the amounts purchased from some of the major suppliers. We received a tabulation from the major supplier showing purchases by the Elia companies of $1,115,000 during the period being examined. The amounts listed by the CI, $853,000 and accepted by Mr. Eis without further verification was an understatement of 30% of the actual purchases.

-2-

Had Mr. Eis requested the easily accessible information from the supplier that we did, he would have immediately seen the CI's information was seriously in error and her credibility should have been brought into question.

8. In January 2003, because of pressing business debts, Mr. Elia borrowed $250,000 from an outside source. This deposit appears in the January 2003 HSBC bank statement which Mr. Eis, in paragraph 12 of his affidavit, acknowledges having received. Mr. Eis did not disclose this borrowing in his affidavit.

9. In each of the years 1999, 2000 and 2001 Mr. Elia reported, on his individual income tax Form 1040, payrolls in excess of $100,000. My examination of the bank statements and payroll records of the corporations paying salary to Mr. Elia indicate that a substantial portion of his salary was paid to him in cash.

Jay Genuth

Sworn to before me this
10th day of January, 2008

Notary Public

Kenneth A. Katz
Notary Public State of New York
No. 02KA80...
Qualified in W... County
Commission ... ../3/2010

- 3 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA

    v.            07 Cr. 543 (CLB)

YEHEZKEL ELIA and
DAVID ELYAHO

      Defendants.    **AFFIDAVIT OF**
                **YEHEZKEL ELIA**

------------------------------------------------------x

STATE OF NEW YORK    )
COUNTY OF WESTCHESTER )
SOUTHERN DISTRICT OF NEW YORK ) ss:

  Yehezkel Elia, under penalties of perjury, deposes and states as follows:

  1. I am a defendant in this case. I make this Affidavit in support of my motion to suppress evidence seized pursuant to search warrants that were executed February 20, 2004 at my office and stores in the Cross County Shopping Center in Yonkers. ("The shopping center.")

  2. Harjrij Zherka (known as "Lily") worked for me until her resignation in February, 2003. Lily was a bookkeeper in my office at 6 Xavier Drive, Cross County Shopping Center. I own several stores in the shopping center.

  3. My lawyers inform me that Lily is the government's confidential informant ("C.I.") quoted extensively in the affidavit of I.R.S. Special Agent Herbert Eis dated February 20, 2004.

  4. When Lily resigned from employment in my office, I changed all the locks for the office. I did not give her a key to the new locks. Lily never had business with my office after her resignation sometime in February, 2003, and was never authorized to be

on the premises, including the office at 6 Xavier Drive. In addition, she was never authorized to be in my stores in the shopping center.

5. My office is in Suite 802 at 6 Xavier Drive.

6. Sneaker Mania was located at 1F Xavier Drive. Sneaker Mania was not located at 1BB Xavier Drive at the time of the search.

7. All my stores were always closed on Thanksgiving Day, as well as certain other days.

8. The cash that was seized from me at JFK in July, 2001, was returned to me. I explained to Customs the source of the cash. I did not "get into trouble with Customs" as Mr. Eis states in his affidavit (paragraph 15).

_____
Yehezkel Elia

Sworn to before me this
9th day of January, 2008.

_____
Notary Public

MONICA RAYBON
Notary Public, State of New York
No. 01RA6017856
Qualified in BRONX County
Commission Expires 12-21-20 10

**ATTACHMENTS TO MOTION MADE IN BEHALF OF DEFENDANT YEHEZKEL ELIA TO SUPPRESS EVIDENCE ILLEGALLY SEIZED**

1. Search Warrant for Premises Known and Described as Sports Stop

2. Search Warrant for Premises Known and Described as Sneaker Mania

3. Search Warrant for Premises Known and Described as Offices of Sneaker Mania

4. Affidavit of Herbert Eis in Support of the Application for Search Warrants

5. Page obtained from discovery material