**JOSEPH A. VITA**
**ATTORNEY AT LAW**
327 Irving Avenue
Port Chester, New York 10573
Telephone 914-939-5401
Fax 914-690-2007

By ECF & regular mail

May 24, 2008

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:    USA v. Yehezkel Elia and David Elyaho
       docket no:  07 Cr 543 (KMK)

Dear Judge Karas:

       This letter is submitted on behalf of my client, David Elyaho, in opposition
to the Government's Motion in Limine dated May 23, 2008. In this motion the
Government is seeking a pretrial ruling allowing proof at trial of (1) the statements
made by Yehezkel Elia in proffer sessions and (2) evidence of other crimes, wrongs
or acts in accordance with Rule 404(b) and Rule 403.

       (1)    <u>Elia's Proffer</u> - The statements of Elia's which the Government seeks to
admit present Bruton and Crawford issues since they are in part inculpatory as to
David Elyaho.  (See, Government's Motion pp. 5-6).  One of the grounds asserted by
Defendant in his prior motion for a severance was the Bruton/ Crawford issue.
Judge McMahon in her decision dated March 28, 2008 on defendants' pre-trial
motions, reserved ruling on this aspect of defendant's severance motion pending the
Government's submission of a co-defendant's statements in advance of trial.  The
Court also required the Government to give notice of any applicable statements
within one week of the decision,  April 4, 2008. (McMahon Dec. pp 16-17)

       Since the Government's notice is not timely, defendant would oppose the
application on this basis.  If the Court intends to rule on the merits of the
Government's motion notwithstanding the untimeliness of the notice, Defendant
David Elyaho renews his motion for a severance.  If the Court denies the application

2

for a severance and allows the Government to admit Elia's proffer it is requested that all reference to David Elyaho be redacted and that the Court give limiting instructions that these proffer statements are not to be considered in the jury's deliberation of the guilt or non-guilt of David Elyaho.

(2)     Rule 404(b) evidence - Most of the evidence of others crimes, wrongs and acts which the Government seeks to admit do not involve David Elyaho. This includes Elia's alleged structuring activity, tax fraud at other businesses, and attempts to remove cash from the country. Defendant opposes the application, nevertheless, upon the grounds of spillover prejudice to David Elyaho. Should the Court allow this evidence to be admitted, David Elyaho would request limiting instructions that this evidence may not be considered in the jury's deliberation of the guilt or non-guilt of David Elyaho.

Some of the evidence at issue does apply to David Elyaho. The Government wishes to prove that David Elyaho "filled in for Elia" at his other businesses when his brother was out of town. In their application the Government does not give the specifics of the conduct of David Elyaho in terms of dates, times, and activities other than that he collected cash from the stores, an act which in and of itself is not a crime, wrong and/or bad act. Defendant would oppose the Government's application as to this matter because it is too vague and non-specific. If there is a specific uncharged crime, wrong or bad act which the Government claims Mr David Elyaho committed as to the other businesses they should allege it with sufficient specificity so that defendant can meaningfully respond and the Court can make a proper assessment of prejudice vs. probative value.

The Government also wishes to prove that David Elyaho falsely stated his income for tax periods before and after the tax years charged in the indictment. In their motion the Government gives no specific as to these allegations in terms of the basis for their claim, and the dates and amounts of taxes involved.

Because this proffered evidence, particularly proof of uncharged false tax returns for other time periods, is either not relevant to suggest anything other than bad character  (Rule 404(b) or, to the extent relevant, it's probative value is substantially outweighed by the danger of unfair prejudice, the Court should deny the Government's use of the proffered evidence. Defendant does not believe that limiting instruction will be adequate to remove the danger of unfair prejudice as to any of the proffered evidence.

3

Both the Supreme Court and the Court of Appeals have come to recognize that the admission of extrinsic bad acts, even where probative of the crimes charged, may unfairly subject a defendant to a danger of improper prejudice which may have the effect of denying a fair trial.  See, Huddleston v. United States, 485 US 681, 691 (1988), Michelson v. United States, 335 US 469, 475-76 (1948), USA v. Bebedetto, 571 F.2d 1246, 1249 (2d Cir. 1978), USA v. Livoti, 8 F.Supp.2d 250, USA v. Nachamie, 101 F.Supp.2d 134.  Thus a district court is authorized to exclude relevant evidence  when it's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless considerations of cumulative evidence." (Fed.R.Evid. 403).

In Huddleston v. United States, 483 US at 691-92, the Supreme Court framed a four part test for a district court to apply in determining the admissibility of evidence pursuant to Rule 404(b); (1) the evidence must be offered for a proper purpose (Rule 404-b); (2)  the offered evidence must be relevant to an issue in the case under the standards set forth in Rules 401, 402 and 104(b); (3) the evidence must satisfy the probative-prejudice balancing test of Rule 403; i.e.; is the value of the extrinsic evidence  substantially outweighed by its potential for unfair prejudice? and (4) the Court must, if requested, provide appropriate limiting instructions to the jury under Rule 105 to ensure that the other acts evidence is considered only for the proper purpose for which it was admitted.  (Rule 105). (See, USA v. Livoti, 8 F. Supp.2d 250 (S.D.N.Y. 1998).

The Government bears the burden of demonstrating admissibility under Rule 404(b). United States v. Nachamie, 101 F.Supp 2d 134, 137 (S.D.N.Y. 2000).

Applying the Huddleston test to this body of evidence defendant objects on two grounds:

Under the second prong of Huddleston, "evidence is only relevant if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 689.

Initially there has been no prior court conviction and/or judicial or administrative finding that David Elyaho filed false tax returns for any period before or after the time period of the indictment.  The Government has not indicated in their motion how they intend to prove these allegations, none of which are supported by any prior administrative or judicial findings. Therefore the defense

4

contends that the Huddleston second prong standard for admissibility has not yet been satisfied.   If the Court allows the Government to expand the trial to include uncharged tax periods this will only confuse the jury and unnecessarily complicate the case by requiring a trial within a trial on disputed matters which will have minimal and/or no relevance on the issues in this case.  If the Court is considering the Government's application he  requests a hearing prior to trial to assess the validity and sufficiency of the Government's evidence on these disputed allegations. (See, Livoti, 8 F. Supp 2d at 252.)

Even assuming that the Government is able to meet the second burden of Huddleston, he further challenges the admissibility of this evidence under the third part of the test, that prejudice will substantially outweigh any probative value; that the jury will improperly consider proof of these acts  as propensity evidence.

If the Government is allowed to prove as part of their case the proffered evidence, the extreme danger of unfair prejudice far outweigh the probative value of this evidence on any issue in the case, be it intent, knowledge or explaining the conspiracy background.

The danger inherent in Rule 404(b) is that, even though the evidence of other crimes may be admissible for a proper purpose, the jury still might use it as evidence of the defendant's bad character. Figueroa, 618 F.2d at 943 ("A prior conviction is material to a defendant's intent [when intent is in issue], but it is also prejudicial to the extent that it also tends to prove a defendant's propensity to commit crimes.").  Recognizing the importance of this concern, the Supreme Court has emphasized "the assessment the trial court must make under Rule 403 to determine whether the probative value of the similar acts evidence is substantially outweighed by it's potential for unfair prejudice." Huddleston, 485 US at 691.

" The term 'unfair prejudice' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997).   "Such improper grounds [for declaring guilt] certainly include ... generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or worse, as calling for preventive conviction even if he should happen to be innocent momentarily) ... There is, accordingly, no question that propensity would be an 'improper basis' for conviction and that evidence of a prior conviction is subject to analysis under Rule 403 for relative probative value and for prejudicial risk of misuse

as propensity evidence. " Old Chief, 519 U.S. at 180-82.

In Old Chief, the Court defined the nature of a Rule 403 inquiry. First, a court should "decide whether a particular item of evidence raise[s] a danger of unfair prejudice." *Id.* at 182. If it does the court must "evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well.  If any alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, such judicial discretion would discount the value of the item offered and exclude it if its discounted probative value were substantially outweighed by unfairly judicial risk ... [A] judge applying Rule 403 could reasonably apply some discount to the probative value of an item when faced with less risky alternative proof going to the same point." *Id* at 182-183.

The fact that the prior uncharged bad acts which the Government seeks to prove is for conduct identical to that which David Elyaho is presently facing trial, magnifies the danger of undue prejudice.  Evidence that a defendant has in the past engaged in wrongful conduct similar or identical to that for which the defendant is on trial is highly prejudicial. (See, Old Chief, 519 US at 185).  "The potential for prejudice, moreover, is greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial." United States v. Puco, 453 F.2d 539, 542 (2d Cir. 1971).

Moreover, to the extent that the Government has evidence other than proof of uncharged tax crimes to prove knowledge and/or intent as well as the background of the conspiracy, proof of these prior bad acts represents a needless presentation of prejudicial cumulative evidence. (See, USA v. Nachamie, 101 F. Supp 134, at 142-146.

Further, the risk of prejudice to David Elyaho is so overwhelming, and the probative value so relatively small, that admission with limiting instruction would provide insufficient protection.

Defendant David Elyaho also wishes to adopt those arguments in the motion of limine filed by co-defendant Yehezkel Elia as may apply to his case.  With respect to the deceased accountant, Paul Lonok, defendant also wishes to assert his sixth amendment right of confrontation as provided in Crawford v. Washington, 541 US 36, in opposing the admissibility of any out-of-court testimonial statements in which Lonok is the declarant.

6

In summary, defendant opposes the Government's application in all respects. In the event the Court rules in the Government's favor as to any application, the defense would request that the Court give appropriate limiting instructions in accordance with Fed. Rule of Evidence 105.

Respectfully submitted,


Joseph A. Vita