```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____    │
│ DATE FILED: _____    │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-                                                          07-CR-543 (KMK)

YEHEZKEL ELIA and DAVID ELYAHO,                              ORDER

                Defendants.

**KENNETH M. KARAS, U.S.D.J.**

      The Parties appeared before the Court for a conference on June 11, 2008, to deal with the various evidentiary and discovery issues outlined in the Government's June 6, 2008 letter and Defendant Elia's June 6, 2008 and June 11, 2008 letters. For reasons stated fully on the record, the Court ruled that the following proffered evidence is precluded:

      Unsigned sales tax returns. (Letter from Jared J. Scharf, Esq., to the Court, dated June 6, 2008, at 2.)

      Testimony by Lily Zherka that "Lenok told Zherka that he had discussed [that the existence of Elia's vendor invoices and money orders could be Elia's downfall if the IRS ever got a hold of Elia's records] with Elia, and that Elia was not going to change the way he did business." (Letter from the Government to the Court dated June 6, 2008, at 3).

      Testimony by Lily Zherka that "On one occasion, . . . Lenok asked Zherka [to give a tax return for Sneaker Mania] to Elia when he returned to the office. Zherka looked at the tax return and saw that it reported no taxable income and she questioned how they could report no income from such a profitable business. Lenok replied, in substance, that she should not worry about it or ask questions, she should just give the tax return to Elia. She later raised the issue with Lenok again, and Lenok said that he had warned Elia that he could get into trouble, but that Elia was not going to change anything." (*Id.* at 4.)

      The Court ruled that the remainder of Lily Zherka's proffered testimony outlined in the Government's letter and offered pursuant to Federal Rule of Evidence 801(d)(2)(E) is admissible. (*Id.* at 3-4.)

SO ORDERED.

DATED:    June 13, 2008
              White Plains, New York

                                                        KENNETH M. KARAS
                                              UNITED STATES DISTRICT JUDGE